F I L E D

OCT 1 4 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　v.<br>SHARMAINE PORTER,<br>　　　　Defendant. | No. CR-09-00203 CW (DMR)<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATION OF THE TERMS AND CONDITIONS OF HER PROBATION |

　　　　The magistrate judge recommends to the district court that it accept Defendant Sharmaine Porter's admission of one violation of the terms and conditions of her supervision as charged in the amended petition filed on September 21, 2010. Specifically, on October 14, 2010, the defendant admitted Charge Two in the petition, charging her with a violation of standard condition number three which requires her to answer truthfully all inquiries by the probation officer and follow the instructions of the probation office.

　　　　Upon acceptance of Defendant's admission by the district court, the United States Attorney's Office, the Probation Department, and Defendant will recommend the following disposition: (1) that Charge One be dismissed with prejudice. This dismissal is recommended by the parties because of the questionable reliability of positive sweat-patch test results which may have been caused by the contaminated environment of Defendant's mother's home. The parties note that Defendant has tested negative on all subsequent tests; and (2) that the district court take judicial notice of Defendant's

REPORT AND RECOMMENDATION
CR 09-00203 CW (DMR)
cc: Copy to parties via ECF, Nikki, Probation

admission of Charge Two and that probation continue on the existing terms and conditions, with full credit for time already served on probation.

The magistrate judge makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived her right to admit the violations in district court and instead consented to admit the violations in a hearing in magistrate court. Specifically, the magistrate judge advised her that she had a right to admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, she could waive that right and consent to admit the violations in a hearing in magistrate court. The magistrate judge also advised her that it would issue a written report recommending that the district judge accept the admissions, that the district judge would review the recommendation and decide whether to accept the admissions, and that the district judge and not the magistrate judge would sentence her. The magistrate judge also advised her of the procedures (also set forth at the end of this order) for challenging the magistrate judge's recommendation. The defendant then waived her right to proceed in district court and consented to the magistrate judge's conducting the hearing regarding the admission of the supervised release violations.

2. The magistrate judge then reviewed, and the defendant acknowledged that she understood, the following: (a) the nature of the charge and the maximum penalty she faced; (b) her rights under Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district judge, not the magistrate judge, would conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district judge.

3. After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant waived her right to a Rule 32.1(b)(2) hearing and admitted the charge summarized above. The magistrate judge found that she was fully competent and capable of admitting the charge in the petition, that she was aware of the nature of the charge and the consequences of admitting it, and that her admission and waiver of rights were knowing and voluntary. This court thus recommends to the district judge that it accept the defendant's admission.

4. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

5. Within two weeks, the Probation Officer will submit a violation memorandum to the district court that sets forth the recommended disposition. In light of the recommended disposition, the parties believe that a sentencing hearing may not be necessary, but requested a control date for further proceedings before the district judge on Wednesday, November 17, 2010 at 2:30 p.m.

IT IS SO RECOMMENDED.

Dated: October 14, 2010

DONNA M. RYU
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 09-00203 CW (DMR)                    3